UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LAWRENCE HARRISON** | : | **CIVIL ACTION NO. 12-355** |
| | : | **SECTION P** |
| **VERSUS** | | |
| | : | **JUDGE MINALDI** |
| **GEO GROUP, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is civil rights complaint filed by plaintiff Lawrence Harrison filed on February 3, 2012, pursuant to 42 U.S.C. § 1983. Plaintiff is a prisoner in the custody of the Louisiana Department of Corrections and is currently incarcerated at the David Wade Correctional Center in Homer, Louisiana. At the time of filing, however, plaintiff was incarcerated at Allen Correctional Center (ACC) in Kinder, Louisiana, and he complains of events that occurred at the ACC facility. Plaintiff names as defendants ACC warden Terry Terrell, Global Expertise in Outsourcing Group, Inc. (GEO), and ACC officer Sgt. Castille. Plaintiff seeks compensatory and punitive damages for the pain and suffering resulting from an automobile accident.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.

## STATEMENT OF THE CASE

On September 2, 2011, plaintiff was being transported from ACC in a van driven by defendant Sgt. Castille. The van was involved in an accident while *en route* when it flipped

three times after Castille made a sudden turn.  Plaintiff suffered injuries to his right eye and back and trauma to his head.

Following the accident, plaintiff was transported via ambulance to Natchitoches General Hospital.  He was administered a CAT scan, received 147 stitches in his head, and was given medication.  Plaintiff claims that two weeks after the accident he was transferred from ACC due to fear that he would file a lawsuit because of the injuries that he received in the accident.

Plaintiff alleges that defendant Castille caused the accident by acting irresponsibly and negligently in over-correcting the van.  Plaintiff also alleges that ACC warden Terry Terrell and GEO, Inc., are liable as supervisors of Castille.

## LAW AND ANALYSIS

### A. Frivolity Review

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.  Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted.  *See Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A complaint is frivolous if it lacks an arguable basis in law or fact.  *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)).  A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.  *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998).  When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true.  *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolous); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### B. Plaintiff's Claims

#### 1. Negligence

Section 1983 requires a plaintiff to "allege the violation of a right secured by the Constitution and laws of the United States, and [] show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As such, only intentional conduct cannot serve as the basis for a section 1983 claim; allegations of negligence are not enough. *Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir.1986) (citing *Davidson v. Cannon*, 474 U.S. 344 (1986); *Daniels v. Williams*, 474 U.S. 327 (1986)).

In the present case, plaintiff clearly alleges that it was the negligence of the bus driver that resulted in the accident that caused his alleged injuries. These allegations fail to state a claim upon which relief can be granted. They are not cognizable under section 1983 but are better suited to a general tort claim under state law. *See* La. Civ. Code art. 2315; *see also Alexander v. Ieyoub*, 62 F.3d 709, 712 (5th Cir. 1995).

#### 2. Supervisor Liability

Plaintiff also names ACC warden Terry Terrell and GEO, Inc. as defendants in their supervisory capacity. These claims are not cognizable as it is well settled that supervisory officials may not be held liable under section 1983 under the doctrine of *respondeat superior*. *Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992).

In order to be liable under section 1983, supervisory officials must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998). Plaintiff fails to set forth a constitutional claim against these parties. There are no allegations that they were personally implicated in any alleged constitutional deprivation or that they implemented any policy which acts as a constitutional

deprivation. Thus, these claims should also be dismissed for failure to state a claim upon which relief may be granted.

Accordingly, **IT IS RECOMMENDED** that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE this 29th day of January, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE